UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARTHA (AWAIS) MICHAEL and | * | |
| JOSE M. AWAIS, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 12-10851-JLT |
| | * | |
| DANIEL M. ANDRADE ET AL., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

October 16, 2012

TAURO, J.

1.     Introduction

Plaintiffs bring this action against members of the Planning Board of the Town of

Raynham ("Defendants" or "Board").[1]  Plaintiffs allege that, by denying their application for a

Form C definitive subdivision plan, the Board exceeded its authority under state law and violated

the Due Process Clause of the Fourteenth Amendment.  Before the court is Defendants' Partial

Motion to Dismiss Count IV of Plaintiffs' Amended Complaint [#4].  Count IV, brought under 42

U.S.C. § 1983, alleges that Defendants' actions violated Plaintiffs' substantive due process rights.

For the following reasons, Defendants' motion is ALLOWED.  Having dismissed Plaintiffs' only

federal claim, the court REMANDS the case to state court for further proceedings.

---

[1] Plaintiffs also raise claims against private abutters whose property allegedly carries a roadway construction easement.  Defendants assert that Plaintiffs have thus far failed to serve these abutters.  Defs.' Partial Mot. to Dismiss 1 n.2 [#4].  Defendants' counsel does not represent the abutters, id., and the instant partial motion to dismiss does not involve the counts brought against them.

1

II.    Background

    A.    Factual Background[2]

On December 9, 2010, Plaintiffs submitted an application to the Board for approval of a

Form C definitive subdivision plan.[3]  Plaintiffs sought to divide a twelve acre parcel of land into

six residential lots.[4]  Upon submission of the application, Plaintiffs paid the Board $20,000 in

processing and review fees.[5]  The Board then held a series of public hearings and enlisted its

consulting engineer to conduct "extensive and thorough reviews" of the subdivision plan.[6]

Plaintiffs allege that the actual cost of conducting these investigations was less than twenty-five

percent of the fees charged.[7]

The Board denied Plaintiffs' application on October 21, 2011.[8]  Plaintiffs revised the

subdivision plan, specifically addressing the shortcomings identified by the Board, and resubmitted

---

    [2] Because the issues analyzed here arise in the context of a motion to dismiss, this court presents the facts as related in Plaintiffs' First Amended Complaint, see Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes the facts in the light most favorable to Plaintiffs.  See Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)).

    [3] Notice Removal United States District Ct. District Massachusetts, Doc. 1-3, 7 ¶ 6 [#1] [hereinafter Notice Removal] (attaching state-court complaint).

    [4] Notice Removal, Doc. 1-3, 7 ¶ 6.

    [5] Notice Removal, Doc. 1-3, 7 ¶ 7.

    [6] Notice Removal, Doc. 1-3, 7 ¶ 8.

    [7] Notice Removal, Doc. 1-3, 7 ¶ 9.

    [8] Notice Removal, Doc. 1-3, 8 ¶ 10.

it for approval.[9]  The Board denied the revised plan on March 22, 2012.[10]

In denying the revised plan, the Board for the first time raised objections to elements of the plan that had gone unremarked-upon in the original plan.  The Board denied the original plan due to concerns with a retaining wall, soil, drainage, and the denial of requested waivers.[11]  But when it denied the revised plan, the Board focused on the proposed height of the raised roadway and accompanying guardrails, aesthetics, and soil and drainage.[12] The Board also determined that a roadway construction easement over the abutting properties would not permit Plaintiffs to build a roadway that conformed to the Board's rules and regulations.[13]  These facets of the plan had not changed, and the Board had not initially objected to them.[14]

B.      Procedural History

Plaintiffs filed their complaint on November 9, 2011, in Bristol Superior Court.[15]  On May 10, 2012, Defendants removed the action to this court pursuant to 28 U.S.C. § 1441.  Shortly thereafter, Defendants moved to dismiss Count IV of the amended complaint, Plaintiffs' only federal law claim.  Defendants argue that Plaintiffs' allegations fail to state a claim for a violation of substantive due process and that Defendants, as municipal government officers, have qualified

---

[9] Notice Removal, Doc. 1-3, 8 ¶ 11.

[10] Notice Removal, Doc. 1-3, 8 ¶ 12.

[11] Notice Removal, Doc. 1-3, 10-11 ¶ 20.

[12]Notice Removal, Doc. 1-3, 10 ¶ 19.

[13] Notice Removal, Doc. 1-3, 11 ¶ 24.

[14] Notice Removal, Doc. 1-3, 11-12 ¶¶ 21-23.

[15] Notice Removal, Doc. 1-3, 5.

immunity from a suit for damages.  Plaintiffs have not opposed this motion.

III.     Discussion

      A.     Standard of Review

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must make factual allegations that, if taken as true, allege a plausible claim for relief.[16]  The court must accept all factual allegations as true and "draw all reasonable inferences in favor of the plaintiff."[17]  Even so, the court need not accept the plaintiff's legal conclusions as true, and the complaint must present more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."[18]

      B.     Defendants' Motion to Dismiss

Count IV of Plaintiffs' amended complaint alleges that Defendants violated Plaintiffs' substantive due process rights under the Fourteenth Amendment by abusing their governmental authority in a manner oppressive and shocking to the conscience.[19]  After Plaintiffs revised their plan to address the Board's specific concerns, the Board found new objections that it had not previously raised.  Plaintiffs assert that the Board's abuses have constitutional significance.

The Fourteenth Amendment protects individuals from deprivations "of life, liberty, or

---

[16] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-58 (2007); Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007).

[17] Rodriguez-Ortiz, 490 F.3d at 96.

[18] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

[19] Notice Removal, Doc. 1-3, 17 ¶ 37.

property, without due process of law."[20]  This protection has both substantive and procedural

components.  Substantive due process protects against "particularly offensive actions on the part

of government officials, even when the government employs facially neutral procedures in

carrying out those actions."[21]  To state a claim for deprivation of substantive due process,

Plaintiffs must allege both that the government actions were "so egregious as to shock the

conscience" and that they deprived Plaintiffs of a protected interest in life, liberty, or property.[22]

Plaintiffs face a heavy burden in meeting this test.  The First Circuit has held, "with a

regularity bordering on the monotonous, that the substantive due process doctrine may not, in the

ordinary course, be invoked to challenge discretionary permitting or licensing determinations of

state or local decision-makers, whether those decisions are right or wrong."[23]  Although there is

no precise formula for determining whether government action shocks the conscience, certain

principles guide the inquiry.  The alleged acts must be "truly outrageous, uncivilized, and

intolerable;"[24] "the requisite arbitrariness and caprice . . . stunning, evidencing more than

humdrum legal error;"[25] and the "violations of personal rights so severe[,] so disproportionate to

the need presented, and so inspired by malice or sadism rather than a merely careless or unwise

---

[20] U.S. Const. amend. XIV.

[21] Pagán v. Calderón, 448 F.3d 16, 32 (1st Cir. 2006).

[22] Id.

[23] Id. at 33.

[24] Harron v. Town of Franklin, 660 F.3d 531, 536 (1st Cir. 2011) (quoting Hasenfus v. LaJeunesse, 175 F.3d 68, 72 (1st Cir. 1999)).

[25] Id. (quoting Amsden v. Moran, 904 F.2d 748, 754 n.5 (1st Cir. 1990)).

excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience."[26]

Plaintiffs cannot meet this test.  The Board's actions fit comfortably within the broad range of planning board disputes that the First Circuit has concluded fail to raise substantive due process objections.[27]  Plaintiffs have not alleged bribery or threats[28] or any "fundamental procedural irregularity, racial animus, or the like,"[29] which could raise their grievances to the level of a constitutional concern.

Because Plaintiffs' allegations fail to shock the conscience, the court does not address whether Plaintiffs had a protected property interest in approval of their application.  Similarly, the court does not reach the question of Defendants' qualified immunity.

Defendants' Partial Motion to Dismiss Count IV of Plaintiffs' Amended Complaint [#4] is ALLOWED.

C.    Subject Matter Jurisdiction

Defendants removed this case from Massachusetts Superior Court pursuant to 28 U.S.C. § 1441, which provides that any civil action brought in state court, "of which the district courts of the United States have original jurisdiction," may be removed to the district court.[30]  Once a case

---

[26] Id. (quoting González-Fuentes v. Molina, 607 F.3d 864, 881 (1st Cir. 2010)).

[27] See Clark v. Boscher, 514 F.3d 107, 113 (1st Cir. 2008) (collecting cases where planning boards' allegedly arbitrary and capricious, overreaching, or opening hostile actions failed to establish plausible violations of substantive due process rights).

[28] See Mongeau v. City of Marlborough, 492 F.3d 14, 19-20 (1st Cir. 2007).

[29] Creative Env'ts., Inc. v. Estabrook, 680 F.2d 822, 833 (1st Cir. 1982).

[30] 28 U.S.C. § 1441 (2006).

is properly before the district court, "that court has broad authority to retain jurisdiction over

pendant state law claims."[31]  Dismissal of the federal claim does not terminate the court's

jurisdiction but instead "sets the stage for an exercise of the court's informed discretion."[32]  The

court must consider "judicial economy, convenience, fairness to the litigants, and comity."[33]

Based on these considerations, the court remands this case to state court.  This proceeding

is still in its early stages; the parties have not yet commenced discovery.  The Defendants, who

initially overrode Plaintiffs' forum choice through removal, indicate that state court is the

appropriate forum for adjudication of the remaining claims.[34]  The interests of comity, fairness,

and judicial economy are best served by remanding this case to state court.

IV.     Conclusion

For the foregoing reasons, Defendants' Partial Motion to Dismiss Count IV of Plaintiffs'

Amended Complaint [#4] is ALLOWED.  This case is REMANDED to state court for further

proceedings.

AN ORDER HAS ISSUED.

                                                     /s/ Joseph L. Tauro
                                                    United States District Court

---

[31]  Delgado v. Pawtucket Police Dept., 668 F.3d 42, 48 (1st Cir. 2012).

[32] Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256-57 (1st Cir. 1996).

[33] Delgado, 668 F.3d at 48.

[34] See Defs.' Mem. Law Supp. Defs.' Mot. to Dismiss Count IV Pls.' Am. Compl. 2 [#5].